[Civ. No. 2291.   First Appellate District.—April 6, 1918.]

# E. L. HOPKINS, Respondent, v. FRESNO COUNTY ABSTRACT COMPANY, Appellant.

CONTRACT — DEPOSIT OF CHECK WITH ABSTRACT COMPANY — DELIVERY UPON VESTING OF TITLE TO REAL PROPERTY IN PAYEE—DUTY OF COMPANY.—Where a check is deposited with a company engaged in the business of abstracting and certifying titles to real property with instructions to pay it to the payee for his note and mortgage on certain real property when title thereto is vested in such payee, the company is required to hold the check until title is vested absolutely in the payee, and not merely until it is vested of record.

ID.—ACTION FOR WRONGFUL DELIVERY OF CHECK—PLEADING—INSUFFICIENT DENIAL OF VESTING OF TITLE.—In an action against an abstract company for the wrongful delivery of a check deposited with it, with instructions to deliver to the payee when title to certain real property was vested in him, allegations in the answer that defendant did not deliver the check until title was vested of record in such payee is not a sufficient denial of the allegation of the complaint that title never vested in the plaintiff.

ID.—RECORDING OF FORGED DEEDS—DELIVERY OF CHECK—LIABILITY OF ABSTRACT COMPANY.—An abstract company with whom a check was deposited with instructions to deliver to the payee when title to certain real property was vested in the payee is liable to the maker of the check for the amount thereof, where delivery was made after the filing for record by the company of two forged deeds which made the payee the apparent record owner, without first making any attempt to ascertain if they were authentic instruments.

APPEAL from a judgment of the Superior Court of Fresno County.   H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

L. L. Cory, for Appellant.

Geo. Cosgrave, and L. B. Hayhurst, for Respondent.

BEASLY, J., *pro tem.*—This is an action in which plaintiff recovered a judgment against the defendant for $1,980, as damages for the breach of a contract. The defendant, as its name indicates, is engaged in the business of abstracting and certifying the titles of real property. On the 18th of November, 1915, the plaintiff with one Gustav Weber visited the defendant's office in Fresno, and Weber delivered to the defendant a certificate of title covering the north half of lots 16 and 17 of the Riverside Colony theretofore issued by defendant, showing one John Bartsch to be the owner of the property. Weber also delivered to the defendant two deeds, which, if they were genuine, would have made title in Weber himself, and also a note for two thousand dollars and a mortgage on the property to secure the payment of the same, and the plaintiff at this time delivered to defendant a check in favor of Weber drawn by plaintiff for the sum of $1,980. Thereupon the plaintiff told the defendant's agent with whom he was dealing that he wished to make a loan on the property for two thousand dollars, and either Weber or the plaintiff indicated that they wished the defendant to attend to seeing that the title of Weber was good and to the closing of the deal. Thereupon defendant's said agent, Mr. Acuff, had the plaintiff sign an agreement, the material portion of which is as follows: "I hand you herewith $1,980.00 in check which you are to pay for a note and mortgage of $2,000 in favor of E. L. Hopkins to the following described property and to lots 16 and 17 of Riverside Colony when title is vested in Gustav Weber," and then followed certain exceptions not material here.

The plaintiff's complaint stripped of matters not necessary to be considered here alleged that the respondent had agreed to loan Weber the sum of two thousand dollars upon the real property described in the complaint, and to take as security therefor a first mortgage upon the land when title to said real property was vested in said Weber. It then alleged the making of the agreement, and that the defendant delivered the check to Weber, and further that the title to the property never vested in Weber, and that he never had

any interest in or to the property, that the check had been
cashed, and that the plaintiff had been damaged in the sum
of $1,980 thereby.

The defendant filed an answer to this complaint in two
counts. In the first count it denied that it had failed or
neglected to perform the contract, and denied that "it ever
delivered to said Gustav Weber the check of the plaintiff
before the title to the real property therein de scribed was
vested *of record* in said Gustav Weber," but alleged in that
behalf that before said check was delivered to said Gustav
Weber the *apparent record title* to the property therein
described was vested in said Weber.

As a second defense the defendant averred that the two
deeds delivered by Weber to it on the occasion of the making
of the contract were forgeries, but that they were properly
acknowledged and certified before one Percy Wills, who it
is alleged purported to be a notary public of Fresno County;
that his notarial seal was affixed, and in effect that they had
depended upon these deeds as genuine, had recorded them,
and in reliance upon them as passing title to Weber had de-
livered the check to him.

The course taken by the trial of this case was interesting.
The defendant in the second count of its answer, as has been
seen, alleged that the deeds delivered to it by Weber were
forgeries. On the trial the plaintiff, relying evidently upon
this allegation as an admission of the fact, proved the making
of the contract, the circumstances surrounding the same and
the delivery of the check to Weber, and rested. The defend-
ant moved for a nonsuit on the ground that the plaintiff had
failed to establish the allegations of the complaint, suggesting
that the court could take the motion under advisement, as
he had further evidence to offer on the defendant's side of
the case. Thereupon he called Mr. Acuff and placed in evi-
dence certain papers not material to be described in the view
we take of this case, and the deeds and other papers delivered
by Weber and Hopkins at the time the contract was made;
showed that these deeds had been recorded, and rested its
case.

This is all the evidence in the case necessary to understand
the points made on this appeal.

The defendant's counsel at the trial, after plaintiff had
rested, stated that he did not stand upon the second count

of its answer, namely, the count alleging that the deeds were forgeries; and now contends that on the face of the record as made the title to the lots appeared to have vested in Weber, and that the deeds must be taken at their face value, there being no evidence in the record that they were forgeries.

In the view we take of the case it was not necessary for the plaintiff to prove that these deeds were forgeries. Even if it be conceded that the direct allegations that they were forgeries in the second count of the defendant's answer are to be disregarded, the first count of the defendant's answer on which it rested its case fails to deny the allegation of the complaint that the title to this property never vested in Weber. The defendant's contract, which its agent prepared, provided that it should not deliver this check to Weber until the title to this property vested in him. If it intended— as it now contends—to contract only that it would be responsible for the record title, it should have made its contract so read. It contracted absolutely to hold this check until the title vested in Weber. The reply to the allegation of the complaint that the title never did so vest is that the defendant did not deliver the check until the title to this real property was vested *of record* in Gustav Weber. If this were a slip of the tongue or pen it might be considered a denial of the allegation referred to; but the denial was couched in these terms deliberately, as is apparent from the clause of the answer immediately following this denial, which reads that before the check was delivered to Weber the "apparent record title" to the property was vested in Weber. Taken together, these statements of the answer constitute no denial of the point blank allegation of the complaint that the title never vested in Weber.

There is little excuse for the failure of the defendant in this case to discover that these deeds were forgeries. The notarial certificate purported to be that of Percy Wills, who was described as a notary public in and for the county of Fresno; and had the abstract company taken the trouble to examine the records of the county clerk's office of Fresno County, it would have ascertained that Wills was not a notary, and this would have led to the disclosure that the instruments recorded were not authentic.

The purpose of Hopkins in delivering these papers to the abstract company was to be assured that the title of Weber,

who was to mortgage the property to him, was good. The abstract company contracted to see that it was a valid title, It failed to do this, and was therefore liable to the plaintiff for its breach of the contract.

The judgment is affirmed.

Kerrigan, J., and Zook, Acting P. J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 3, 1918.